UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROY ALAN HAMILTON,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-1493-Orl-31KRS**

**VIKING PROTECTIVE GROUP, INC., NICOLE BANKER and FRANK ANDERSON,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS VIKING PROTECTIVE GROUP, INC.; NICOLE BANKER AND FRANK ANDERSON (Doc. No. 15)** |
| **FILED:** | **April 27, 2007** |

## I. PROCEDURAL HISTORY.

On September 27, 2006, Plaintiff Roy Alan Hamilton filed a complaint against Viking Protective Group, Inc. (Viking), Nicole Banker, and Frank Anderson alleging violations of the overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. No. 1.

The complaint was served on the defendants. Doc. Nos. 6, 11, 12. The defendants did not respond to the complaint. Accordingly, at Hamilton's request, the Clerk of Court entered defaults against the defendants. Doc. Nos. 8, 14. Hamilton then filed the present motion for default judgment. Doc. No. 15.

Hamilton filed the following evidence in support of the motion:

- Affidavit of Roy Hamilton, doc. no. 15-2 (Hamilton Aff.);
- Affidavit of Plaintiff's Attorney's Fees and Costs, by Konstantine E. Pantas, Esq., doc. no. 15-3 (Pantas Aff.);
- A time sheet for the professionals who performed work in this case, doc. no. 15-4 (time sheet); and
- Documents related to the costs incurred in this action, doc. no. 15-5 (cost documents).

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port*

*Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

**III. ALLEGATIONS OF THE COMPLAINT.**

Hamilton was employed by Viking as a security guard. Doc. No. 1 ¶ 4. Viking is an employer as defined in the FLSA, and Hamilton was engaged in commerce as defined in the FLSA. *Id.* ¶¶ 5, 6.

Banker and Anderson are owners, officers and/or members of management of Viking. They were substantially in control of the terms and conditions of Hamilton's work. As such, they are also employers as defined in the FLSA. *Id.* ¶¶ 8, 9.

Hamilton "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed." *Id*. ¶ 12. This violation was willful. *Id*.

## IV. ANALYSIS.

*A. Liability.*

1. FLSA Overtime Compensation Claim.

To prevail on his FLSA overtime claim, Hamilton must establish the following:

First, that he was employed by Viking during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that Viking failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, Viking admits that it employed Hamilton during the relevant time period. It admits that it was an employer and was required to comply with the FLSA. It also admits that it failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that Viking is liable to pay Arnold the overtime compensation he is owed for his work.

2. Joint and Several Liability.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must

either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Banker and Anderson admit that they were owners, officers and/or members of management of Viking, and were substantially in control of the terms and conditions of Hamilton's work. Accordingly, Banker and Anderson are jointly and severally liable with Viking for overtime compensation due but unpaid.

*B. Damages.*

1. FLSA Overtime Claim.

Under the FLSA, Hamilton is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty during a workweek. *See* 29 U.S.C. § 207(a)(1). Hamilton avers that "was paid an hourly rate of $10.25 per hour, armed and $13.50 per hour, unarmed." Hamilton Aff. ¶ 4.[1] He "did not keep any records of hours worked. [His] good faith estimate is the [he] averaged 5.5 hours of overtime a week during [his] employment and did not receive one-half times [his] regular rate of . . . pay . . . for all hours worked over 40 per week." *Id.* ¶ 5. Hamilton calculates that he is "owed 412 hours of unpaid overtime from approximately October 1, 2004 through March 17, 2006 . . . ."[2] *Id.*

---

[1] The memorandum submitted in support of the present motion uses the $10.25 (rather than the $13.50) rate. Doc. No. 15 at 4. Accordingly this appears to be the applicable rate for the overtime hours at issue.

[2] There are 532 days between October 1, 2004 and March 17, 2006 (both of which are Fridays). The total number of days, 532, divided by 7 days per week equals 76 weeks. Assuming Hamilton worked 5.5 hours of overtime per week, Hamilton would be owed for 418 hours of overtime work. Because Hamilton specifically avers that he is owed for 412 hours of overtime, his claim will be limited to the hours sought in his affidavit.

It is well established that "'where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have not answered the complaint. Thus, I conclude that Hamilton has shown by a just and reasonable inference the number of hours worked.

The averment that Hamilton "did not receive one-half times [his] regular rate of . . . pay . . . for all hours worked over 40 per week," indicates that Hamilton received his regular rate of pay for all hours worked. Hamilton Aff. ¶ 5. As such, he is only entitled to the overtime premium (one-half his hourly rate) for overtime hours worked. Accordingly, Hamilton is entitled to $2,113.56 in overtime compensation, calculated as follows: $5.13 (half of $10.25) per hour multiplied by 412 hours of overtime work.[3]

2. Liquidated Damages.

By failing to answer the complaint, Viking, Banker and Anderson admit that they acted willfully in failing to pay Hamilton the statutorily required overtime compensation. When, as here, the defendants have not presented a defense that the failure to pay overtime compensation was in good faith, the court must also require the employer to pay liquidated damages in an additional

[3] Hamilton's calculates his damages as $6,336.56. Hamilton Aff. ¶ 5. This amount would be appropriate if Hamilton received no compensation for any overtime hours. However, because Hamilton's affidavit is clear that he "did not receive one-half times [his] regular rate of . . . pay," *id.*, the evidence does not support his calculation.

amount equal to "the amount of . . . [the employee's] unpaid overtime compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Viking, Banker and Anderson are liable, jointly and severally, to pay Hamilton the amount of unpaid overtime compensation owed to him, $2,113.56, as liquidated damages.

*C. Attorneys' Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, Hamilton seeks $2,506.50 for the services provided by his attorneys and their paralegal assistants in connection with this case, plus costs. Doc. No. 15 at 6.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory

evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id.*

1. Attorneys Konstantine Pantas and Jay Yenor.

Konstantine Pantas avers that he has been licensed to practice law in Florida since 1993. He has over eleven years of litigation experience and has practiced exclusively in the area of employment law since 2000. He seeks a rate of $250.00 per hour. Pantas Aff. ¶ 4.

Pantas avers that Attorney Jay Yenor has been licensed to practice law in Florida since 1992, and has over fourteen years of litigation experience. Hamilton seeks an hourly rate of $250.00 for Yenor's work in this case. Pantas Aff. ¶ 5.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas's services, considering the Orlando legal market, is $250.00 per hour. *See, e.g.*, *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D.Fla. Oct.12, 2006). Considering the Orlando legal market and awards in similar cases, an hourly rate of $250.00 for work performed by Pantas and Yenor, who has roughly comparable experience, is appropriate in the absence of objection.

The time sheet reflects that Pantas worked 3.1 hours meeting with Hamilton, preparing the complaint, and reviewing and preparing the Certificate of Interested Persons and Corporate Disclosure Statement. Time sheet. All of this work is reasonable in the absence of objection.

The time sheet reflects that Yenor worked 5.9 hours preparing motions, including motions for the entry of clerk's default and the present motion, and preparing the affidavit of damages. All of this work is reasonable in the absence of objection.

2. Paralegals.

Hamilton also seeks compensation for the work performed by Nury Pacheco, Harold Maurus, and Vonya Gagnon, all paralegals.

**a. Nury Pacheco.**

Hamilton seeks an hourly rate of $95.00 for work performed by Nury Pacheco, apparently a paralegal. *See* Pantas Aff. ¶ 10. However, Pantas provides no information regarding Pacheco's qualifications or experience. Additionally, the only work performed by Pacheco was 0.6 hours for "Preparation of Civil Cover Sheet and Summonses." Time sheet. These are non-reimbursable clerical tasks. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical

or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.”). Accordingly, I recommend that the Court award no fees for work performed by Pacheco.

**b. Harold Maurus.**

Hamilton seeks an hourly rate of $95.00 for work performed by Harold Maurus. Pantas avers that Maurus has trained and worked as a paralegal, but does not indicate how long Maurus has trained or worked in such capacity. He has experience drafting pleadings, discovery, motions, and affidavits. Hamilton seeks a rate of $95.00 per hour for Maurus’s services. Pantas Aff. ¶ 6. Without evidence regarding the extent of Maurus’s experience, or awards by other courts, this amount would be excessive.

Moreover, the only work Maurus performed in this case involved coordinating service of process, including speaking with the process server and obtaining an alternate address for the defendants from Hamilton. Time sheet. This appears to have been straightforward administrative work that did not require a paralegal’s experience or training. Accordingly, I recommend that the Court award no fees for work performed by Maurus.

**c. Vonya Gagnon.**

Pantas avers that Gagnon has trained and worked as a paralegal since 1993, and has experience drafting pleadings, discovery, motions, and affidavits. Hamilton seeks a rate of $95.00 per hour for Gagnon’s services, which rate has been awarded by Florida state courts. *Id.* ¶ 7.

While this rate is likely reasonable, the only work performed by Gagnon was 0.2 hours for “Letter to client including Affidavit.” Time sheet. Inasmuch as Yenor prepared the affidavit, it

appears that this entry was for the purely clerical task of mailing it to Hamilton for his signature. As such, this time reflects noncompensable clerical work.

3. Lodestar.

Based on these recommendations, the lodestar attorneys' fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Konstantine Pantas | $250.00 | 3.1 | $775.00 |
| Jay Yenor | $250.00 | 5.9 | $1,475.00 |
| Total Award: | | | $2,250.00 |

4. Costs.

Hamilton seeks costs in the amount of $465.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($115.00). Pantas Aff. ¶ 12. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The docket sheet in this case reflects that Hamilton paid the filing fee. Also, Hamilton submitted evidence supporting the costs for service of process on Banker and Anderson. Cost documents.[4] Therefore, I recommend that Hamilton be awarded $465.00 in costs.

---

[4] Hamilton does not seek reimbursement for costs associated with serving Viking.

## V. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants Viking Protective Group, Inc.; Nicole Banker and Frank Anderson, doc. no. 15, be **GRANTED in part and DENIED in part**. I respectfully recommend that the Court enter a default judgment against Viking, Banker and Anderson on Hamilton's FLSA overtime compensation claim and order Viking, Banker and Anderson, jointly and severally, to pay Hamilton's damages in the amount of $4,227.12 (including liquidated damages), $2,250.00 in attorney's fees, and $465.00 in costs. I further recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Recommended in Orlando, Florida on July 5, 2007.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy